IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy W. Taylor,<br><br>                    Plaintiff,<br><br>v.<br><br>Michael V. Dodd and George Henry Martin, III,<br><br>                    Defendants. | C/A No. 4:23-cv-830-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 12.] In the Report, the magistrate judge recommends summarily dismissing Plaintiffs' claims for untimeliness and want of jurisdiction. *Id.* at 3–5. The Report notified Plaintiff of the procedures and requirements for filing objections to the magistrate judge's recommendation. *Id.* at 6. Plaintiff filed objections on April 3, 2023. [ECF No. 16.] This matter is now ripe for review.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jeremy W. Taylor ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought claims under 42 U.S.C. § 1983 alleging that Defendants Michael V. Dodd and George Henry Martin, III ("Defendants") subjected him to false imprisonment, cruel and unusual punishment, and an illegal search and seizure. [ECF No. 1 at 9.] Plaintiff contends that Defendant Dodd of the Myrtle Beach Police Department signed a false affidavit, enabling fellow officers to secure a warrant for his arrest on October 20, 2018. *Id.* at 8. Plaintiff further alleges that Defendant Martin prosecuted him without proper cause during his subsequent five-month imprisonment. *Id.* at 5–6.

1

Plaintiff also brings slander and defamation claims against Defendants under state law. *Id.* The court incorporates here the relevant facts and standards of law detailed in the Report. [ECF No. 16 at 1–5.]

The magistrate judge recommends this court summarily dismiss Plaintiff's case because he failed to comply with the three-year statute of limitations applicable to 42 U.S.C. § 1983 claims. [ECF No. 12 at 3–4.] Given the untimeliness of Plaintiff's federal claims, the magistrate judge recommends this court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 4–5.

Plaintiff filed objections to the Report, arguing that his 42 U.S.C. § 1983 claims are not time-barred under the "continuing violation doctrine," and that thus the court's exercise of supplemental jurisdiction remains appropriate. [ECF No. 16 at 3–4.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court of the party's true objection to a magistrate judge's recommendation. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). The district court is reasonably alerted to a party's objection if the litigant expresses belief that the magistrate judge erred in recommending dismissal of a claim. *Id.* at 461 (citing *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017)). If instead a litigant objects only generally,

the court reviews the Report for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The magistrate judge recommends that the court find Plaintiff's 42 U.S.C. § 1983 claims barred under the applicable statute of limitations. [ECF No. 12 at 3–4.] The court agrees for the reasons set forth in the Report and summarized below.

It is well established that a federal court hearing a 42 U.S.C. § 1983 claim borrows the statute of limitations provided in the most analogous state-law cause of action. *See Burnett v. Grattan*, 468 U.S. 42, 49–50 (1984). For 42 U.S.C. § 1983 suits, the most analogous cause of action is a personal injury claim. *See Owens v. Baltimore City State's Att'ys Office*, 767 F.3d 379, 388 (4th Cir. 2014) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). Under South Carolina law, personal injury claims are subject to a three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530. Here, Plaintiff's claims concern events that occurred between October 20, 2018, and March 12, 2019. As the Report notes, Plaintiff's deadline for filing suit was no later than March 12, 2022—nearly a full year before he filed his Complaint.[1]

Plaintiff objects to the Report's finding that his federal claims are time-barred based on the continuing violations, or continuing tort, doctrine. [ECF No. 16 at 3–4.] Where applicable, the theory provides that a statute of limitations may be tolled if a defendant persists in his or her

---

[1] Federal law determines when a 42 U.S.C. § 1983 claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, "the limitations period commences when the plaintiff knows or has reason to know of his injury." *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 886 (4th Cir. 2023) (citations omitted).

3

unlawful conduct toward a plaintiff. *See e.g.*, *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166–67 (4th Cir. 1991). The court finds that the doctrine does not apply to Plaintiff's claims under South Carolina law.

When, as here, a state statute of limitations is borrowed in a federal case, state rules on tolling control. *See Epcon*, 62 F.4th at 888. In South Carolina, courts have adopted a "continuing tort doctrine" in limited cases involving nuisance and legal malpractice. *See Silvester v. Spring Valley Country Club*, 543 S.E.2d 563, 567 (S.C. Ct. App. 2001) (citing *Sutton v. Catawaba Power Co.*, 89 S.E. 353, 353 (S.C. 1916)); *Stokes-Craven Holding Corp. v. Robinson*, 787 S.E.2d 485, 496 (S.C. 2016). The courts, however, have expressly declined to apply the doctrine to other torts. *See Harrison v. Bevilacqua*, 580 S.E.2d 109, 115 (S.C. 2003); *see also Stoneburner v. Thompson*, C/A No. 3:12-cv-3551-JFA, 2014 WL 2095160, at *5 (D.S.C. May 20, 2014) ("[I]f there is any discernable rule on the continuing tort doctrine in South Carolina, it is that the continuing tort doctrine is not generally applicable."). Notably, South Carolina courts have not extended the doctrine to torts comparable to Plaintiff's alleged claims.[2] The court thus declines toll to the statute of limitations here and dismisses Plaintiff's 42 U.S.C. § 1983 claims summarily.

The court accordingly declines to exercise supplemental jurisdiction over Plaintiff's slander and defamation claims. As the magistrate judge noted, the district court may dismiss state law claims where no federal claims remain for ruling. [ECF No. 12 at 4–5 (citing 28 U.S.C. § 1367(c)(3)).] Plaintiff does not allege facts allowing for diversity jurisdiction under 28 U.S.C. §

---

[2] Even if the doctrine applied to the wrongs alleged, Plaintiff does not plead facts sufficient to trigger its use. Plaintiff contends that the media's coverage of his arrest remains available online to prospective employers and to the public at-large. [ECF No. 16 at 3–4.] However, a discrete wrongdoing by Defendants is needed to start the statutory period anew under the continuing tort doctrine; ill effects from an initial injury will not do. *See Epcon*, 62 F.4th at 889.

4

1332(a)(1),[3] nor does he articulate another basis for the court to decide his claims. [ECF No. 16 at 3–4.] His state law claims are likewise dismissed summarily.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 12, is adopted in its entirety and incorporated herein. This matter is therefore **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

October 12, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[3] Plaintiff alleges that he and at least one Defendant are citizens of South Carolina. [ECF No. 1 at 2–3]; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

5